**UNITED STATES DISTRICT COURT**
for
**NORTHERN DISTRICT OF TEXAS**

# Petition for Person Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Mickael Gedlu | Case No.: | 3:19-CR-00329-M(1) |
| Name of Sentencing Judge: | Chief U.S. District Judge Barbara M. G. Lynn | | |
| Date of Original Sentence: | April 24, 2020 | | |
| Original Offense: | Threats Against the President, 18 U.S.C. § 871, a Class D felony | | |
| Original Sentence: | 18 months custody, 3-year term of supervised release | | |
| Revocations: | None | | |
| Detainers: | None | | |
| U.S. Marshals No.: | 58997-177 | | |
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | October 19, 2020 |
| Assistant U.S. Attorney: | Rebekah Perry Ricketts and Ryan Raybould | Defense Attorney: | John M. Nicholson (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the person under supervision violated the following condition:

### I.

**Violation of Mandatory Condition**

You must not commit another federal, state, or local crime.

**Nature of Noncompliance**

Mr. Gedlu violated this condition of supervised release on October 31, 2020, when he disobeyed police commands and fled to evade officers. At 12:50 a.m., an officer with the Richardson, Texas, Police Department (RPD) observed a vehicle stopped in the middle of the road with no hazard lights activated. The vehicle proceeded to drive 80mph in a 40mph zone, repeatedly pressing the horn with no other vehicles present. After a traffic stop was initiated, the driver, Mr. Gedlu, exited the vehicle, displayed his middle fingers in the air, and fled from the officer. He disobeyed multiple commands to stay in the vehicle and get out of the road; however, he continued onto the road while waving his hands and jumping. Mr. Gedlu eventually came to the shoulder of the road where he was taken into custody. At that time, he was determined to be a risk of harm to himself and others and was transported to Medical City - Green Oaks Mental Health Hospital, under Apprehension by Peace Officer Without Warrant (APOWW). Mr. Gedlu remains at Green Oaks Mental Health Hospital.

## Personal History

Mr. Gedlu began his term of supervised release on October 19, 2020. On October 27, 2020, a mental health assessment was conducted at Centro de mi Salud (CDMS) in Dallas, Texas (results pending). On October 29, 2020, Mr. Gedlu attended Eye Movement Desensitization and Reprocessing (EMDR) therapy at Compassion Works with therapist, Jordan Shafer. He reported he was going to seek a mental health assessment through Metrocare and was going to contact the Veteran's Administration for mental health services. Mr. Gedlu is scheduled to receive a psychiatric evaluation at CDMS on November 11, 2020.

On October 29, 2020, an RPD officer conducting a traffic stop observed a vehicle stop in the middle of the roadway. The driver, identified as Mr. Gedlu, exited the vehicle, observed the officer perform his duties, then left the scene. Later that day, RPD observed him watching another traffic stop and positioned their vehicle behind Mr. Gedlu's. He then exited his vehicle, walked towards an RPD officer taking inventory of a vehicle, and displayed his middle fingers at the officer. Mr. Gedlu was detained, displayed erratic behavior while expressing a dislike for police, and told RPD police lights trigger his PTSD. It was determined Mr. Gedlu did not meet the criteria for APOWW, so he was released and provided resources. Mr. Gedlu reported the contact to this officer and stated he gets triggered by police lights. This officer and Mr. Gedlu discussed ways to avoid contact with law enforcement. He agreed staying home during evening hours when police activity is more likely to occur, was an appropriate strategy to combat this trigger. On October 31, 2020, Mr. Gedlu was out in the late evening/early morning hours and had contact with law enforcement as noted above.

On November 3, 2020, Green Oaks Mental Health Hospital confirmed Mr. Gedlu was still in their facility and is currently calm but wants to leave. He is currently taking Seroquel to help him sleep and was given Haldol (an antipsychotic) the previous day after becoming agitated about wanting to leave. Mr. Shafer was also contacted and reported being in support of Mr. Gedlu remaining in a residential mental health facility.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years minus revocation sentence. 18 U.S.C. 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B1.1(a)(3)(A), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 3, 2020
Respectfully submitted,

Approved,

_Holly Lindle_
Holly Lindle
Senior U.S. Probation Officer
Dallas
Phone: 214-753-2538

Amber B. Dunn
Supervising U.S. Probation Officer
Phone: 214-753-2487

**Order of the Court:**

☐ No action.

☑ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons

☐ Other or Additional: _____

☐ File under seal until further order of the Court.

The Honorable Barbara M. G. Lynn
Chief U.S. District Judge

11-3-20
Date